IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Henry Green, #126515, | ) | C/A No. 5:15-04867-RMG-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Cecelia Reynolds, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Henry Green ("Petitioner") is a state prisoner who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment, ECF Nos. 20, 21, and Amended Answer and Amended Motion for Summary Judgment, ECF Nos. 24, 25. On April 5, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the Summary Judgment Motion, the Amended Summary Judgment Motion, dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF Nos. 22, 26. On May 3, 2016, Petitioner filed a Response in Opposition to Respondent's Amended Motion for Summary Judgment, ECF No. 28, and on May 16, 2016, Respondent filed a Reply, ECF No. 29. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 21, and Amended Motion for Summary Judgment, ECF No. 25, be granted.

I.      Background

Petitioner is currently incarcerated in the Lee Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). ECF No. 11 at 1. In 2001, Petitioner was indicted at the March term of the Horry County Grand Jury for one count of armed robbery and one count of possession of a pistol by a person convicted of a crime (2001-GS-26-715). ECF No. App. 357-61; 569-70.[1] James C. Galmore, III, Esq., represented Petitioner in a jury trial that convened from May 16-17, 2001, before the Honorable James E. Brogdon. App. 3-340; ECF No. 20-8; 20-9. After the trial, the jury found Petitioner guilty on both charges. App. 333. Judge Brogdon sentenced Petitioner to life imprisonment without the possibility of parole for the armed robbery conviction and five-years' imprisonment for the firearm possession conviction. *Id.* at 341.

Assistant Appellate Defender Katherine Carruth Link represented Petitioner on direct appeal. App. 362-74. In his brief, Petitioner raised and argued the following issues:

1. The trial court erred in admitting the witness identification of Appellant, where it was the product of an unduly suggestive show-up that resulted in a substantial likelihood of irreparable misidentification.
2. The trial court erred in imposing a sentence of life imprisonment without possibility of parole, where that sentence amounted to cruel and unusual punishment as applied to this Defendant.

*Id.* Senior Assistant Attorney General Harold M. Coombs, Jr. filed the Response Brief on behalf of the State. App. 375-87. After reviewing both briefs, the South Carolina Court of Appeals affirmed Defendant's conviction and sentence in an unpublished opinion, *State v. Green*, 2002-

---

[1] Citations to "App." refer to the Appendix for Writ of Certiorari, Supplemental Appendix, and Second Supplemental Appendix as to Petitioner's claim for collateral relief in the state courts of South Carolina. That appendix is available at ECF Nos. 20-1 through 20-7 in this habeas matter.

UP-730, filed November 25, 2002. App. 388-391. On December 11, 2002, the court of appeals issued a Remittitur. ECF No. 20-11.

II.     Procedural History

Petitioner filed an application for Post-Conviction Relief ("PCR") on April 28, 2003 (2003-CP-26-2530), alleging ineffective assistance of trial counsel. App. 392-416. Specifically, Petitioner asserted the following allegations, recited verbatim, regarding his claims: "ineffective assistance of trial counsel; witness identification unduly suggestive; applicant's life without parole sentence for armed robbery constituted cruel and unusual punishment in violation of the Eighth (8) Amendment." App. 393. The State filed a Return to Petitioner's Application on February 20, 2004. App. 425-28. Thereafter, Petitioner filed an Amended Application for PCR on July 14, 2005, 2003-CP-26-2530, setting out 13 ineffective assistance of counsel claims. App. 417-424. The State filed a Return to Petitioner's Application on February 20, 2004. App. 425-28. On July 27, 2005, a PCR hearing convened before the Honorable Steven H. John. App. 429-526. Petitioner was represented by Paul Archer, Esq., and Chris Newton, Esq., appeared on behalf of the State. *See id.* In an Order of Dismissal filed August 11, 2005, the PCR court denied Petitioner's PCR Application in full, making the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post-conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. § 17-27-80 (1985).
>
> The Applicant testified at the evidentiary hearing that he believed his trial counsel was ineffective based on the allegations made in his second amended application, omitting ground "k." He believed the outcome of the trial would have been

3

different if trial counsel had objected properly, argued more fully, and met with the witnesses Troy Turner, Matthew Crane, and Wesley Carr. Trial counsel James Galmore testified that the State had provided evidence of a weapon, that he had fully argued the identification issue, and that he had investigated the identification issue but he was unable to counteract the identification testimony of the victim. Galmore further testified that he had a notation in his file that Troy Turner "knows nothing" about the case. Galmore also stated that he did not see where Michelle Bellamy or Kristy Collins actually identified the Applicant in any way. Finally, Galmore believed that the allegation in the indictment relating to the Applicant's prior record was proper; he could not recall if the indictments were entered into evidence in this case.

In a post-conviction relief action, the Applicant has the burden of proving the allegations in the applicant. Rule 7.1(e), SCRCP; Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler, Id.

The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, Id. The Applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624 (1989).

Courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625, citing Strickland. Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry, 300 S.C. at 117-18, 386 S.E.2d at 625.

This Court does not find the Applicant's testimony to be credible on the issues in this case. Trial counsel's testimony is found credible. This Court finds all of the Applicant's claims of ineffective assistance of counsel to be without merit. The identification issue, including the attempted suppression of the show-up identification, were properly handled by trial counsel. This Court finds nothing objectionable in the State's closing arguments. The Solicitor simply argued for the State's interpretation of the evidence presented, making proper, reasonable inferences from the evidence in the record. This Court finds no vouching in this

closing argument. There was no ground to object to the admission of the gun into evidence. It was found near the scene of the crime and near the scene of the Applicant's arrest. The State did present clear, direct evidence that the perpetrator of the crime was armed, thus a directed verdict on that issue would have been frivolous at best. This Court finds that trial counsel committed no error in conceding the fact that an armed robbery did occur. He engaged in a reasonable trial strategy of focusing on the identification issue, which trial counsel testified was the crux of the case. The witnesses Michelle Bellamy and Kristy Collins did not identify the Applicant, therefore trial counsel had no reason to object to their testimony. Trial counsel did object to the officer's speculation about the Applicant's intent to cross the fence, but had no grounds to object to the officer's description of what he saw the Applicant doing specifically. None of the witnesses the Applicant alleged his trial counsel should have interviewed or called testified during evidentiary hearing, thus this Court cannot find any ineffective assistance of counsel based on such claims. Finally, this Court finds no evidence that the indictments in this case were introduced into evidence. Even if the indictments were introduced into evidence, this Court cannot find any ineffective assistance of counsel on that basis. The evidence against the Applicant in this case was overwhelming. He was identified by the victim, who established his ability to see and recognize him, and he was apprehended near the scene after being pursued by other witnesses to the point of his arrest. The gun and the money bags from the robbery were found in proximity to the Applicant.

Given the above findings, the Applicant has failed to carry his burden of proof. Trial counsel's performance did not fall below reasonable professional standards. Furthermore, the Applicant suffered no prejudice. There is no reasonable probability that, but for any alleged errors, the result of the trial would have been different.

## CONCLUSION

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

This Court advises Applicant that he must file and serve a notice of intent to appeal within thirty (30) days from the receipt of this Order to secure the appropriate appellate review. *See* Rule 203, SCACR. His attention is also directed to the South Carolina Appellate Court Rule 227 for appropriate procedures after notice has been timely filed.

IT IS THEREFORE ORDERED:

1. That the Application for Post-Conviction Relief must be denied and dismissed with prejudice; and

2. The Applicant must be remanded to the custody of the Respondent.

App. 527-533. PCR Attorney Archer filed a Notice of Appeal from the denial of this PCR on Petitioner's behalf. App. 534. On August 20, 2007, Tara Dawn Shurling, Esq., filed the Petition for Writ of Certiorari on Petitioner's behalf. ECF No. 20-12. There, Petitioner raised the following questions on appeal:

I. Was defense counsel ineffective in failing to ensure that the issue of the unreliable identification was both fully presented to the trial judge and preserved for appellate review?
II. Was defense counsel ineffective in failing to challenge the solicitor's examination of witnesses that improperly identified the Petitioner as the perpetrator of the crime in question?
III. Was defense counsel ineffective in failing to object or otherwise challenge the procedure with respect to the indictment for possession of a pistol by a person convicted of a violent crime?
IV. Was defense counsel ineffective in failing to object to improper remarks in the solicitor's closing argument?

*Id.* at 3. The State filed a Return to the Petition for Writ of Certiorari dated September 19, 2007. ECF No. 20-13. On January 31, 2008, Petitioner filed an Amended Petition for Writ of Certiorari, ECF No. 20-14, and on February 7, 2008, Petitioner filed a Second Amended Petition for Writ of Certiorari, ECF No. 20-15. The South Carolina Supreme Court denied the Petition for Writ of Certiorari on April 3, 2008. ECF No. 20-17. The Remittitur was issued on April 21, 2008. ECF No. 20-18.

On December 3, 2015, Petitioner filed a "Motion to files (sic) Initial Writ of Habeas Corpus (late) due to erroneous and erred instruct. by appellate case attorney." ECF No. 1. Thereafter, the undersigned granted Petitioner's Motion in part, permitting Petitioner to submit a petition for habeas corpus but advising Petitioner "that the court is not now making a ruling that

any petition he submits will be found to have been timely submitted." ECF No. 5. Additionally,

the order indicated:

> Rather, this Order only authorizes the Clerk of Court to open a regular civil action so that Petitioner can submit a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to this court. It does not bind the court to any particular result or ruling on the issue of timeliness, on the merits, or on any other legal or factual issue that might arise from the court's consideration of a petition that Petitioner ultimately files.

*Id.* Thereafter, Petitioner submitted his federal habeas petition on January 7, 2016. ECF No. 11.

III.    Discussion

A.  Federal Habeas Issues

Petitioner raises the following issues in his Federal Petition for a Writ of Habeas Corpus,

quoted verbatim:

> GROUND ONE: Trial counsel was ineffective in failing to ensure that the issue of the unreliable identification was both fully presented to the trial judge and preserved for appellate reviews.  ECF No. 11 at 5.

> GROUND TWO: Trial counsel was ineffective in failing to challenge the solicitor's examination of witness that improperly identified the petitioner as the perpetrator of the crime in question. *Id.* at 7.

> GROUND THREE: Trial counsel ineffective in failing to object or otherwise challenge the procedure with respect to the indictment for possession of a pistol by a person convicted of a violent crime. *Id.* at 8.

> GROUND FOUR: Trial counsel was ineffective for failing to object to improper remarks made by the solicitor in the presence of the jury during the solicitor's closing arguments. *Id.* at 10.

B.  Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is

appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.  Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claim is governed by 28 U.S.C. §

8

2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Further, the AEDPA provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

IV.   Discussion

A. Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas Petition should be dismissed because all of Petitioner's claims are barred by the statute of limitations. ECF No. 20 at 11. Specifically, Respondent maintains that Petitioner had until December 10, 2008, to file his Petition with the court. *Id.* at 13. However, Respondent argues that this habeas petition is seven years, five months, and 13 days late or "untimely by a wide margin." *Id.* In response, Petitioner seems to admit that he submitted a late habeas petition. ECF No. 28. However, Petitioner maintains that

"the statute of limitations can not be applicable against the Petitioner in the matters as like this one with the Petitioner being in default due to the erroneous representations given and done by the attorney whom was retained by the services of a third party. . . ." *Id.* at 2. The argument in Petitioner's Response is more akin to an equitable tolling argument that the court will address in the following section. Initially, the undersigned will address timeliness of Petitioner's habeas petition under the AEDPA.

As stated above, the AEDPA provides that "[a] 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court recently interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Review of the record indicates Petitioner's federal habeas Petition was not timely filed. As previously summarized, Petitioner timely appealed his conviction and sentence. The South

Carolina Court of Appeals issued an unpublished opinion, affirming Petitioner's conviction on November 25, 2002, App. 388-91, and issued the Remittitur on December 11, 2002, ECF No. 20-11. To pursue review with the South Carolina Supreme Court by petitioning for a writ of certiorari, Petitioner was required to first petition the Court of Appeals for rehearing. *See* Rule 242(c), South Carolina Appellate Court Rules ("SCACR") (providing that a decision of the Court of Appeals "is not final for the purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals."). Because Petitioner did not file a Petition for Rehearing, his conviction became final on December 26, 2002, after the time period for filing a petition for rehearing had expired. *See* Rule 221(b), SCACR (stating that petitions for rehearing must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court); 28 U.S.C. § 2244(d)(1)(A).

Petitioner's filing of his PCR Application on April 28, 2003, tolled the one-year limitations period, *see* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."); and 123 days had elapsed when Petitioner filed his first PCR Application, leaving 242 days within which Petitioner could timely file a federal habeas petition. The statute of limitations remained tolled until April 28, 2008, when the South Carolina Supreme Court remitted the PCR matter to the lower court or tribunal. *See* ECF No. 26-11; *Frazier v. Stevens*, No. 4:09-302-JFA-TER, 2010 WL 921613, at * 3 n.6 (D.S.C. Mar. 10, 2010), *as amended* (Mar. 12, 2010) (tolling the period of limitations from the date petitioner filed his first PCR until the date the South Carolina Supreme

Court issued the Remittitur); *Gambrell v. Bazzle*, No. 9:07-cv-00172-RBH-GCK, 2008 WL 269505, at *5 (D.S.C. Jan. 29, 2008) ("When the Supreme Court issued the Remittitur following its Order denying the petition for a writ of certiorari on December 19, 2003, Petitioner's first PCR action became final."). By the undersigned's calculation, Petitioner had until Friday, December 19, 2008, to timely file a federal habeas petition. Here, Petitioner did not initiate federal habeas corpus proceedings until December 1, 2015, at the earliest. *See* ECF No. 1-3 at 2. Therefore, Petitioner was nearly seven years late in filing the present action. Clearly, Petitioner's habeas Petition is untimely under 28 U.S.C. § 2244(d) and, therefore, should be dismissed.

B.  The Statute of Limitations and Equitable Tolling

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition.  *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

12

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 705-06 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

Petitioner maintains that he is in default because of "erroneous representation." ECF No. 28 at 2. Additionally, Petitioner argues that his attorney "was the case advocate and by the substances of her representation she informed the Petitioner that she was litigating Petitioner's appeal through the rehearing stages and this is the fact of [t]his matter because the Petitioner would have for the facts of his matter filed the habeas corpus Petition within the correct time frames because the Petitioner's sentence in itself would compel him to take all precaution of and to his case. . . ." *Id.* at 3. Essentially, Petitioner maintains that he never received communications from Attorney Shurling and also asserts that Attorney Shurling mailed important correspondences to his family members and not to him. *Id.* at 4-5; 7.

In Response to Petitioner's equitable tolling argument, Respondent maintains that equitable tolling is only appropriate if Petitioner can show that he is (1) actually innocent or (2) "that he has diligently pursued a judicial remedy but extraordinary circumstances beyond his control prevented him from meeting the deadline." ECF No. 20 at 13. Additionally, Respondent argues that he did not receive "copies of the correspondence to which [Petitioner] refers in ¶ 18 of his Petition." *Id.* at 15. Respondent maintains that "[t]he requirement the Petitioner prove that he was prevented from timely filing by extraordinary circumstances that were beyond his control or external to his own conduct does not include the failure of his attorney to advise him of the statute of limitations or misadvice from counsel, as opposed to grossly outrageous and incompetent conduct by counsel discussed in *Holland*." *Id.* at 16 (referencing *Holland v. Florida*, 560 U.S. 631 (2010)). Moreover, Respondent maintains that "it is clear that Petitioner did not diligently pursue his rights. Rather he slept very soundly on his rights, until those rights had long ceased to exist." *Id.* at 17.

Respondent also addressed Petitioner's equitable tolling argument in his Amended Return. ECF No. 24. Respondent amended his Return after receiving four letters from Petitioner's PCR appellate attorney. *See id.* at 1. Respondent references a September 28, 2015 letter from Attorney Shurling to Petitioner where she states:

> I have no idea what you are referencing when you say you have been awaiting a ruling on a "Petition for Rehearing" filed by me in your case. My records show that the last action on this appeal was my letter to you dated April 9, 2008, in which I very clearly told you that the Supreme Court had denied your Petition for Writ of Certiorari and advised you that this ruling "ends any further review of your convictions in state court. I advised you that the next step available to you to challenge your conviction and sentence would be to file a Petition for Writ of Habeas Corpus in *federal court.*

14

*Id.* at 4. Additionally, Respondent references an October 27, 2015 letter from Attorney Shurling to the South Carolina Supreme Court where she states, in part: "As you can see [from the letters she wrote to Petitioner], [they] clearly do[] not indicate that I intended to file a Petition for Rehearing." *Id.* at 5. Based on the assertions made in these letters, Respondent argues that "it is clear from reading them that his PCR [appellate] counsel denies making any representation to him that she intended to file a rehearing petition." *Id.*

The undersigned finds that Petitioner has failed to meet his burden of proving either that he is actually innocent (which is not argued in this instance) or an extraordinary circumstance prevented him from timely filing a Petition for habeas review. Though Petitioner argues that Attorney Shurling misled him into thinking she was going to file a Petition for Rehearing on his behalf with the South Carolina Supreme Court after his Petition for Certiorari was denied, Petitioner fails to present anything by way of documentation demonstrating this assertion to the court. Rather, correspondence indicates that filing a Petition for Rehearing with the South Carolina Supreme Court was never considered by Attorney Shurling. Further, nothing, other than Petitioner's allegations, indicate that Attorney Shurling represented to Petitioner her intent to make such a filing. Additionally, Petitioner indicates that Attorney Shurling sent a letter to Petitioner's brother rather than to Petitioner. However, Attorney Shurling advised Petitioner that the South Carolina Supreme Court decided to deny his Petition for Writ of Certiorari in a letter dated April 9, 2008. ECF No. 28-1. There, Attorney Shurling advised Petitioner of the following: "Your last remaining option to challenge your convictions is to proceed with federal habeas corpus review. As you know, I was not hired to represent you in Federal Court. If you are

interested in pursuing your case in Federal Court will have to act quickly." *Id.* The letter indicates it is addressed to the attention of:

> Henry Lee Green, 126515
> Broad River Correctional Institution
> 4460 Broad River Road
> Columbia, SC 29210

*Id.* Therefore, the evidence presented by Petitioner demonstrates that the letter where Attorney Shurling advises Petitioner "to proceed with federal habeas corpus review" was mailed to him and a copy mailed to his family member.[2] *See id.* Therefore, the undersigned finds that Petitioner has failed to meet his burden of demonstrating that an extraordinary circumstance beyond his control prevented him from filing a timely habeas petition.

Even if Petitioner could somehow demonstrate that he was misled into believing that a Petition for Rehearing was being filed on his behalf with the South Carolina Supreme Court, the undersigned finds that the unduly long delay in Petitioner's action demonstrates that Petitioner did not diligently pursue his rights. *See Holland*, 560 U.S. at 649 (requiring a petitioner must have "been pursuing his rights diligently, and. . . some extraordinary circumstance stood in his way" to prevent timely filing). As explained in the section above, nearly seven years passed before Petitioner initiated this action. Additionally, Petitioner did not contact the South Carolina Supreme Court or Attorney Shurling about his alleged Petition for Rehearing until October 19, 2015. *See* ECF Nos. 24-1, 24-2. Therefore, Petitioner has failed to satisfy his burden of demonstrating entitlement to equitable tolling.  Accordingly, equitable tolling of the statute of

---

[2] According to public records, Petitioner was housed at Broad River Correctional Institute beginning on April 8, 2008. *See* http://public.doc.state.sc.us/scdc-public/inmateDetails.do?id=00126515 (last visited June 9, 2016).

16

limitations is not merited. Based upon the foregoing, the Petition was not timely filed, and it is barred by Section 2244(d)(1).[3]

V.     Conclusion and Recommendation

Therefore, based upon the foregoing, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 21, and Respondent's Amended Motion for Summary Judgment, ECF No. 25, be GRANTED and the Petition be DENIED.


IT IS SO RECOMMENDED.


July 11, 2016                                     Kaymani D. West
Florence, South Carolina                  United States Magistrate Judge


**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[3] Because the court finds that the statute of limitations bars Petitioner's § 2254 Petition, it is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).