IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Henry Green, | ) | Civil Action No. 5:15-4867-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Cecelia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that the petition for habeas relief pursuant to 28 U.S.C. § 2254 be dismissed as untimely. For the reasons set forth below, the Court adopts the Report and Recommendation, grants Respondent's motion for summary judgment, and dismisses the petition.

I. **Background**

Petitioner is incarcerated at the Lee Correctional Institution of the South Carolina Department of Corrections. In 2001, Petitioner was indicted in Horry County, South Carolina for armed robbery and possession of a pistol by a person convicted of a crime. After a jury trial, Petitioner was convicted and sentenced to life imprisonment without possibility of parole plus five years. The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence on November 25, 2002. Petitioner filed an application for post-conviction relief ("PCR") on April 28, 2003. His application was denied, and the South Carolina Supreme Court denied certiorari regarding that application, with its remittitur issuing on April 21, 2008.

On December 1, 2015, Petitioner mailed the present petition for habeas relief pursuant to 28 U.S.C. § 2254. Petitioner asserts four grounds for relief: (1) ineffective assistance of counsel for failure to preserve appellate challenges to witness identifications, (2) ineffective assistance of

counsel for failure to challenge a witness identification during the Solicitor's examination of the witness, (3) ineffective assistance of counsel for "failing to object or otherwise challenge the procedure with respect to the indictment for possession of a pistol by a person convicted of crime (Dkt. No. 1 at 8), and (4) ineffective assistance of counsel for failing to object to a remark made during the Solicitor's closing argument. On April 4, 2016, Respondent moved for summary judgment. On July 11, 2016, the Magistrate Judge recommended summary judgment for Respondent because the petition is untimely. No objections to the Report and Recommendation have been received.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

B.   **Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

III.   **Discussion**

A petition for habeas corpus must be filed within one year of the latest of several triggering dates given by statute. 28 U.S.C. § 2244(d)(1). The most common triggering date is the denial of Petitioner's direct appeal to the state court of last resort. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period accrues on the day following the date of state court of last resort's decision, not the date of issuance of its mandate or remittitur. *Gonzalez v. Thaler*, 132 S. Ct. 641, 654

(2012). Here, there was no direct appeal to the South Carolina State Supreme Court. In such cases, the triggering date is the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Regarding the present petition, the time for seeking direct appeal expired on December 27, 2002,[1] and the habeas limitations period accrued on the next day, December 28, 2002.

Additionally, the one-year limitations period is tolled during the pendency of PCR proceedings. 28 U.S.C. § 2244(d)(2). The PCR tolling period begins when an initial PCR application is properly filed in state court. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). It includes the time during which the denial of the PCR application is on appeal within state courts, including the time between the PCR court's denial of the application and the filing of a timely notice of appeal. *Evans v. Chavis*, 546 U.S. 189, 191, 198, 201 (2006). But it does not include certiorari review by the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007). The tolling period ends when the state's highest court issues its mandate or remittitur (by contrast, if review by a state's highest court is sought, the habeas limitations period begins when the state's highest court issues opinion). *Gonzalez*, 132 S. Ct. at 654 n.10; *Lawrence*, 549 U.S. at 332.

Petitioner filed his PCR application on April 28, 2003, leaving 243 days within which Petitioner could timely file a habeas petition. The remittitur for the final state appellate decision affirming denial of his application was issued on April 21, 2008. The limitations period therefore on December 22, 2008. Petitioner filed the present petition on December 1, 2015. It is untimely by almost seven years.

The limitations period for filing a petition for habeas relief may be equitably tolled, but only "if [a petition] presents (1) extraordinary circumstances, (2) beyond his control or external to

---

[1] Thursday, December 26, 2002, was an official South Carolina state holiday.

his own conduct, (3) that prevented him from filing on time." Rous v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc); *see also Holland v. Florida*, 560 U.S. 631, 649 (2010) ("We have previously made clear that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)). Petitioner argues that his attorney, Tara Shurling, misled him into thinking that she was going to file a Petition for Rehearing on his behalf with the South Caorlina Supreme Court a. The Magistrate Judge reviewed correspondence between Ms. Shurling and petitioner and found no merit in that argument. The Court agrees. Furthermore, on April 9, 2008, after the South Carolina Supreme Court denied certiorari regarding Petitioner's PCR application, Ms. Shurling advised petitioner, "[y]our last remaining option to challenge your convictions is to proceed with federal habeas corpus review. As you know, I was not hired to represent you in Federal Court. If you are interested in pursuing your case in Federal Court [you] will have to act quickly." (Dkt. No. 28-1.) Petitioner did not act for over seven years.

The Court agrees with the Magistrate Judge's conclusion that Petitioner has failed to demonstrate entitlement to equitable tolling of the limitations period. His untimely petition therefore must be denied.

### IV.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 30) as the Order of the Court, **GRANTS** Respondent's motion for summary judgment (Dkt. No. 21), and **DISMISSES** the petition for habeas relief (Dkt. No. 1).

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 29, 2016
Charleston, South Carolina