IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Henry Green, | ) | Civil Action No. 5:15-4867-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cecilia Reynolds, *Warden*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Petitioner's untimely objections to the Report and Recommendation of the Magistrate Judge, recommending that the petition for habeas relief pursuant to 28 U.S.C. § 2254 be dismissed as untimely, which the Court has adopted. (Dkt. Nos. 30, 32.) The petition for habeas relief is untimely by almost seven years. (Dkt. No. 32 at 4.) Petitioner's objections include a motion for a certificate of appealability, which the Court had already denied. (*Id.* at 6.) The Court construes Petitioner's untimely objections, including the motion for a certificate of appealability, as a motion for reconsideration of its order dismissing the petition for habeas relief, which the Court denies for the reasons set forth below.

On December 1, 2015, Petitioner mailed a present petition for habeas relief pursuant to 28 U.S.C. § 2254. On July 11, 2016, the Magistrate Judge recommended summary judgment for Respondent because the petition is untimely. Objections to the Report and Recommendation were due by July 28, 2016. No timely objections to the Report and Recommendation were made, and on July 29, 2016, the Court adopted the Report and Recommendation and dismissed the petition for habeas relief as untimely. Petitioner subsequently submitted his objections to the prison mailroom on August 1, 2016. (Dkt. No. 35-1.) Thus, his objections are untimely even with the benefit of the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988). The Court further

-1-

observes that Petitioner's objections comprise 19 typed pages and approximately 7500 words, and so his failure to meet the deadline apparently does not result from any circumstance beyond his control, but rather from his decision to prioritize his own verbosity over compliance with the Court's orders.

The Court construes Petitioner's untimely objections to the Report and Recommendation of the Magistrate Judge as a motion to reconsider. Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a standard for such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted).

Petitioner's objections are largely incomprehensible; to the extent that they are understandable, Petitioner simply repeats his argument that the habeas limitations period should be equitably tolled because his attorney, Tara Shurling, misled him into thinking that she was going to file a petition for rehearing on his behalf with the South Carolina Supreme Court. The Magistrate Judge, after review of correspondence between Ms. Shurling and Petitioner, found no merit in that argument, and the Court agreed with the Magistrate Judge's determination. (Dkt.

Nos. 30, 32). As Petitioner brings no new evidence or argument to the Court's attention, his constructive motion for reconsideration is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 4, 2016
Charleston, South Carolina